Filed 9/20/21  P. v. Helton CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RICHARD HELTON,<br><br>Defendant and Appellant. | C090185<br><br>(Super. Ct. No. 04F11425) |

Defendant Richard Helton appeals the trial court's denial of his petition for resentencing pursuant to Penal Code section 1170.91,[1] arguing the court erred in determining he was ineligible for resentencing under that statute.  Defendant also seeks relief under Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (Assembly Bill 1869), which was enacted to "eliminate the range of administrative fees that agencies and courts

---

[1]     Undesignated statutory references are to the Penal Code.

1

are authorized to impose to fund elements of the criminal legal system and . . . all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2020, ch. 92, § 2.) We agree that defendant is entitled to relief under Assembly Bill 1869, but otherwise deny his claims.[2]

## BACKGROUND

A.     *The underlying conviction*

To provide context, we will incorporate relevant information from our unpublished opinion upholding defendant's underlying conviction. (*People v. Helton* (Dec. 3, 2015, C074393) [nonpub. opn.].)

"In 2004, defendant Richard Helton, who had been drinking, assaulted his live-in girlfriend [K.D.], threatened to kill her, and strangled her until she passed out. Both defendant and [K.D.] have histories of serious mental illness. In the more than eight years of litigation prior to his conviction by jury, defendant at times represented himself and at times was represented by various counsel, both appointed and retained. His first trial, in 2005, ended prematurely in a mistrial due to his own misbehavior.

"The trial court twice found defendant incompetent to stand trial and committed him to Napa State Hospital (NSH). Eventually, despite multiple doctors opining that he was unlikely to regain competency to stand trial in the foreseeable future, a jury found him competent based on his recorded telephone conversations regarding trial strategy.

"In 2013, a jury found defendant guilty of attempted murder (Pen. Code, §§ 664/187, subd. (a)) with a great bodily injury enhancement (§ 12022.7, subd. (e)), related assaultive crimes, and criminal threats (§ 422). Defendant admitted four prior

---

[2]     Processing of this appeal was delayed by defendant's retained counsel, who filed two opening briefs over the course of 14 months, both of which were stricken for noncompliance with appellate rules. After new counsel was appointed, briefing was completed on July 8, 2021.

convictions; three were serious felonies, brought and tried together, that qualified as one 5-year prior (§ 667, subd. (a)) and three strikes (§§ 667, subds. (b)-(i), 1170.12), and the fourth as a one-year prior (§ 667.5, subd. (b)).  The trial court sentenced defendant to the upper term on the attempted murder conviction for an aggregate unstayed sentence of 27 years to life plus 11 years." (*People v. Helton, supra*, C074393, fn. omitted.)

B.     *Defendant's resentencing petition*

On April 18, 2019, defendant filed a motion to recall or modify his sentence.  This motion focused principally on perceived errors at defendant's trial and prior sentencing rather than arguing the merits of the application of section 1170.91.  In relevant part, defendant argued he was a former member of the military who suffered from posttraumatic stress disorder (PTSD) incurred during his service, that he was being treated for PTSD when the incident occurred, and that the victim hit him in the head with a heavy glass ashtray, triggering a PTSD episode.  Excerpts from defendant's Veteran's Administration (VA) records and other medical records were attached to his motion.

In opposition, the People argued defendant was ineligible for resentencing because he was primarily serving an indeterminate term, rendering him ineligible for relief, and most of defendant's arguments were procedurally inapt.  Finally, even if defendant were eligible, he had not demonstrated his PTSD was related to his military service and the court already had considered his PTSD diagnosis at the original sentencing hearing in relation to his *Romero*[3] motion to strike his prior strikes.

Defendant's reply focused on whether he had been appropriately sentenced as a third strike offender, as well as other arguments irrelevant to the section 1170.91 motion. Defendant argued his service-related injury was evidenced by his receipt of VA disability benefits related to his PTSD.  He also submitted a declaration and supporting exhibits

---

[3]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

3

which stated that his PTSD originating in childhood was "enhanced during [his] military service." Defendant also submitted declarations designed to minimize the victim's injuries.

At the June 14, 2019 hearing on defendant's motion, the trial court declined to address the merits of defendant's arguments, apart from his section 1170.91 request. As to that request, the court ruled: "[T]he Court has no jurisdiction to reconsider the sentence because the sentence was not—he was not sentenced pursuant to 1170(b). Instead he was sentenced pursuant to 667(b) through (i) and 1170.12, as a three-strikes individual. [¶] Had the Court had any jurisdiction, I think it would be limited to the, quote, determinate portion of the sentence. And since the Court was there at the trial and doesn't have any problem with the jury verdict, since none of the issues as to the strikes were ever raised during the trial and not raised on appeal; and because I did consider in my sentencing and the Romero motion the fact that the defendant had served in the military and did suffer from post traumatic stress, both from childhood and military service, even if I had the opportunity to resentence, I would not exercise my right to do so. I would just confirm the initial sentence."

Defendant timely appealed this denial.

DISCUSSION

I

*The Section 1170.91 Petition*

Defendant argues the trial court erred in determining that he was ineligible for resentencing because he had been sentenced under three strikes law to an indeterminate term, and that this misunderstanding colored the court's alternative ruling that it would not give defendant a different sentence even if he had been eligible, requiring remand. We disagree.

"Since 2015, California law has required sentencing courts to consider, as mitigating factors weighing in favor of a low-term determinate sentence, any trauma,

4

substance abuse, and mental health problems caused by a defendant's service in the United States military.  (§ 1170.91, subd. (a); *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234, 236, 238.)  In 2018, the Legislature amended section 1170.91 to allow those sentenced for a felony conviction before January 1, 2015, to petition for a resentencing hearing at which the court could consider mitigating factors related to military service.  (§ 1170.91, subd. (b)(1), (3); *People v. Bonilla-Bray, supra*, at pp. 236, 238.)"  (*People v. Estrada* (2020) 58 Cal.App.5th 839, 841 (*Estrada*).)

Section 1170.91, subdivision (a) provides, in pertinent part:  "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, *the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170*."  (Italics added.)

Subdivision (b)(1) of section 1170.91 embodies the mechanism authorizing postjudgment relief.  It states:  "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence, before the trial court that entered the judgment of conviction in his or her case, *to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions*:  [¶]  (A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.  [¶] (B) The person was sentenced prior to January 1, 2015.  This subdivision shall apply retroactively, whether or not the case was final as of January 1, 2015."  (Italics added.)

5

A plain reading of this language leads to only one reasonable conclusion: the resentencing mechanism embodied in section 1170.91 applies only to a term imposed under section 1170, subdivision (b), not an indeterminate term imposed under other sentencing statutes. (*People v. Stewart* (2021) 66 Cal.App.5th 416, 423-424 [three strikes]; *Estrada, supra*, 58 Cal.App.5th at pp. 842-843 [murder].)

As explained in *Stewart*, "section 1170.91, subdivision (b) permits resentencing only 'pursuant to subdivision (a)'; and subdivision (a) applies only 'when imposing a term under subdivision (b) of Section 1170.' Subdivision (b) of section 1170 applies when a statute provides for a determinate upper, mid, and lower term; it provides that, in selecting the appropriate term, the trial court must consider factors in mitigation and aggravation, if any. [¶] The only reasonable interpretation of this language is that a petitioner is not eligible for relief under section 1170.91 unless he or she would be resentenced under section 1170, subdivision (b)—i.e., unless the potential penalty for at least one element of the sentence is a determinate triad." (*People v. Stewart, supra*, 66 Cal.App.5th at p. 423, fn. omitted.)

Here, defendant was sentenced pursuant to a separate sentencing scheme, that for third strike offenders (§§ 667, subds. (b)-(i), 1170.12). (*People v. Helton, supra*, C074393.) "Had the Legislature intended for section 1170.91 to apply to indeterminate terms . . . , it would not have specifically limited the statute's application to terms imposed under section 1170, subdivision (b)." (*Estrada, supra*, 58 Cal.App.5th at p. 843.) Likewise, defendant's prior serious felony enhancement (§ 667, subd. (a)), his prior prison term enhancement (§ 667.5, subd. (b)), and his great bodily injury enhancement (§ 12022.7, subd. (e)), were imposed pursuant to section 1170.12, not section 1170, subdivision (b). Therefore, these enhancement terms also are not eligible for resentencing under section 1170.91. (See *Estrada*, at p. 844.)

II

*Assembly Bill 1869 (2019-2020 Reg. Sess.)*

Defendant asks this court to modify his sentence to strike the $178 main jail booking fee and the $29.95 main jail classification fee in light of changes brought about by Assembly Bill 1869 (2019-2020 Reg. Sess.). We agree that defendant is entitled to this relief and shall modify the judgment to strike the fees.

Assembly Bill 1869 (2019-2020 Reg. Sess.) was signed into law in September 2020 and became operative on July 1, 2021. The bill repeals the authority to collect various fees contingent upon a criminal arrest, prosecution, or conviction for the cost of administering the criminal justice system. (See Stats. 2020, ch. 92, §§ 11, 62.) The bill makes the unpaid balance of these court-imposed costs, including the fees at issue in this case, unenforceable and uncollectible, and requires that any portion of a judgment imposing such costs be vacated. (See Assembly Bill 1869; § 1465.9, subds. (a) & (b) [operative July 1, 2021]; Gov. Code, § 6111, subds. (a) & (b) [same].)

Specifically, as relevant to this appeal, the $178 main jail booking fee and the $29.95 main jail classification fee imposed pursuant to Government Code former section 29550.2 are now "unenforceable and uncollectable." (Gov. Code, § 6111, subd. (a).) Further, "any portion of a judgment imposing those costs shall be vacated." (*Ibid.*) We disagree with the Attorney General that this provision requires no court intervention. We instead concur with our colleagues who determined in *People v. Clark* (2021) 67 Cal.App.5th 248, 259-260 that this provision is not wholly self-executing and that a defendant may seek vacatur of the outstanding portion of the previous, but now uncollectible, judgment.

DISPOSITION

The judgment is modified to strike the $178 main jail booking fee and the $29.95 main jail classification fee in light of Assembly Bill 1869 (2019-2020 Reg. Sess.). The trial court is directed to prepare an amended abstract of judgment and forward that

document to the Department of Corrections and Rehabilitation.  The trial court's order denying defendant's section 1170.91 motion is affirmed.


                                                    _____KRAUSE_____, J.


We concur:


_____HULL_____, Acting P. J.


_____RENNER_____, J.